UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

AUG 2 0 2025

**U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **4:25CR428 JAR/SRW** |
| | ) |
| CURTIS LEE BARTON, | ) |
| | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury charges that, at all times relevant to the Indictment:

## INTRODUCTION

1.      During the conspiracy outlined below, Defendant Curtis Lee Barton and his co-conspirator stole a total of at least $50,000 from over twenty rural schools and small businesses across Missouri and Iowa. After systematically targeting rural schools and small businesses in towns with little to no police presence, Defendant Barton—often along with a co-conspirator—broke into those buildings in the middle of the night to steal property and money. During his conspiracy, Defendant Barton and his co-conspirator stole thousands of dollars from rural school districts that desperately needed the money, including money set aside for the Special Olympics and impoverished children.

2.      During his conspiracy outlined below, Defendant Barton resided in the Eastern District of Arkansas. Throughout his conspiracy, Defendant Barton was on parole in the state of Missouri. As part of his conspiracy, Defendant Barton concealed his interstate theft trips from his parole officer.

## COUNT ONE
### (Conspiracy to Transport Stolen Property in Interstate Commerce)

3.     The paragraphs in this Indictment are incorporated by reference as though fully set forth herein.

4.     From in or about May 2023 and continuing to in or about April 2025, in the Eastern District of Missouri, and elsewhere,

### CURTIS LEE BARTON,

the defendant herein, voluntarily and intentionally joined in an agreement with others known and unknown to the Grand Jury, knowing the purpose of the agreement was to unlawfully transport, transmit, and transfer property across a state line, to wit, property and money of the value of $5,000 or more from, *inter alia*, the state of Missouri to the state of Arkansas, knowing the property and money to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section 2314, all in violation of Title 18, United States Code, Section 371.

### Purpose of the Conspiracy

5.     It was the purpose of the conspiracy for Defendant Barton and his co-conspirator to unlawfully enrich themselves by stealing money and property from rural schools and small businesses in the Eastern District of Missouri, the Western District of Missouri, and the Southern District of Iowa, and then taking the stolen items back to the Eastern District of Arkansas.

### Manner and Means of the Conspiracy

6.     The conspiracy to transport stolen property across states lines was carried out by Defendant Barton and his co-conspirator in the following manner:

7.     In furtherance of the conspiracy to transport stolen property across state lines, Defendant Barton systematically targeted rural school districts and small businesses in Missouri and Iowa. On many occasions, Defendant Barton would research the rural school districts and the

small businesses that were the targets of the conspirators' theft attempts. Before breaking-in and stealing from the rural schools and small businesses, Defendant Barton would also frequently research the police and sheriff departments in those communities. After researching those school districts, small businesses, and communities, Defendant Barton would travel from Arkansas, sometimes with his co-conspirator, to his targeted locations in Missouri and Iowa in furtherance of his conspiracy.

8.    In addition to targeting rural schools and small businesses in communities with little to no police presence, Defendant Barton and his co-conspirator often broke-in to those locations in the middle of the night to avoid detection. After breaking-in late at night, Defendant Barton and his co-conspirator stole cash and other valuable property from the targeted schools and small businesses. Defendant Barton and his co-conspirator took the stolen property across state lines, including back to Arkansas.

9.    To effectuate their conspiracy, Defendant Barton and his co-conspirator often coordinated on travel, logistics, and theft strategies. For example, Defendant Barton and his co-conspirator had the following conversation in advance of their theft of approximately $13,000 from a school in Brookfield, Missouri on or about April 22, 2025:

| | |
|---|---|
| **Defendant Barton:** | I pick up the rental car at 2pm and we hit the road hard the whole way there. |
| **Co-Conspirator:** | How much I need I'm at house and no head phones |
| **Defendant Barton:** | Idk I'm bringing 250. Do u think we can hit 3 in 1 night? |
| **Defendant Barton:** | They are all 45 minutes from each other. |
| **Co-Conspirator:** | Yea no playing around I wad [*sic*] hoping 4 |
| **Defendant Barton:** | We can try. I wanna be back by Tuesday afternoon around 4 or 5. I have plans. |

**Defendant Barton**: I know I have 3 right now so we just need a 4th.

**Co-Conspirator**: K

**Defendant Barton**: Remember though we have to check every room also because just like last time we never know. Delete these texts.

**Co-Conspirator**: Yes sir

**Defendant Barton**: Hey also we might wanna get some cheap walkies and split up so we can cover more space u know what I mean.

10.    To accomplish the conspiracy, Defendant Barton actively concealed his interstate thefts from his parole officer. In doing so, Defendant Barton obtained a second cellphone that his parole officer did not know about, and then Defendant Barton registered that cellphone under a fictitious name.

11.    In total, Defendant Barton and his co-conspirator stole a total of at least $50,000 from over twenty rural schools and small businesses across Missouri and Iowa.

## Overt Acts

12.    In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Missouri:

13.    On or about February 25, 2025, Defendant Barton stole approximately $5,752 in U.S. currency from a school in Lewistown, Missouri.

14.    On or about April 22, 2025, Defendant Barton stole approximately $13,000 in U.S. currency from a school in Brookfield, Missouri.

15.    On or about April 26, 2025, Defendant Barton stole approximately $1,000 in U.S. currency from a combination safe inside a school in Adair County, Missouri and approximately $4,000 in U.S. currency from a school in Shelbyville, Missouri.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO – FOUR
### (Interstate Transportation of Stolen Property)

16.     Each of the above allegations is hereby incorporated by reference as if fully set forth herein.

17.     On or about the dates set forth below, in the Eastern District of Missouri, and elsewhere, Defendant Barton did unlawfully transport, transmit, and transfer from the State of Missouri to the State of Arkansas stolen goods, wares, securities, money, and merchandise, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, to wit:

| | | |
|---|---|---|
| 2 | 2/25/2025 | Defendant Barton transported approximately $5,752 in stolen U.S. currency from the Eastern District of Missouri to the Eastern District of Arkansas. |
| 3 | 4/22/2025 | Defendant Barton transported approximately $13,000 in stolen U.S. currency from the Eastern District of Missouri to the Eastern District of Arkansas |
| 4 | 4/26/2025 | Defendant Barton transported approximately $5,000 in stolen U.S. currency from the Eastern District of Missouri to the Eastern District of Arkansas. |

All in violation of Title 18, United States Code, Sections 2314 and 2.

## FORFEITURE ALLEGATION

The Grand Jury further alleges there is probable cause that:

1.     The allegations contained in Counts 1-4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property constituting, and derived from, and traceable to,

proceeds obtained, directly or indirectly, as a result of defendant's violations of Title 18, United States Code, Sections 2314.

      3.     If any of the property described above, as a result of any act or omission of the defendant:

        a.     cannot be located upon the exercise of due diligence;
        b.     has been transferred or sold to, or deposited with, a third party;
        c.     has been placed beyond the jurisdiction of the court;
        d.     has been substantially diminished in value; or
        e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____
DEREK J. WISEMAN #67257MO
Assistant United States Attorney